IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 19-cv-6021 |
| v. | ) ) ) | **C O M P L A I N T** |
| | ) ) | **JURY TRIAL DEMAND** |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Vivian Lester ("Charging Party" or "Lester"). As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant Union Pacific Railroad Company violated the ADA when Defendant failed to allow Lester to return to work from a medical leave of absence, with or without reasonable accommodation, because of Lester's record of having a physical and/or mental impairment that substantially limits one or more major life activities and/or because Defendant regarded Lester as having such an impairment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

1

U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Northern Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Union Pacific, a Nebraska corporation, has continuously been doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

5. At all relevant times, Union Pacific has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Union Pacific has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Lester filed a charge with the Commission alleging violations of the ADA by Union Pacific.

8. On June 10, 2019, the Commission issued to Union Pacific a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Union Pacific to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On July 31, 2019, the Commission issued to Union Pacific a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least April 2015, Union Pacific has engaged in unlawful employment practices in Chicago, Illinois, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(a).

13. Lester is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Lester has a record of an impairment, brain tumor and brain tumor resection, that substantially limits major life activities, and Defendant regarded Lester as having a disability by subjecting her to an adverse employment action in that it refused to return Lester to work, because of a perceived impairment, brain tumor and brain tumor resection.

14. Union Pacific discriminated against Lester based on disability when it imposed unnecessary restrictions on her and thus refused to allow her to return to work following a medical leave of absence, with or without reasonable accommodation.

15. The effect of the practices complained of in paragraphs 12-14 above has been to deprive Lester of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

16. The unlawful employment practices complained of in paragraphs 12-14 above were and are intentional.

17. The unlawful employment practices complained of in paragraphs 12-14 above were and are done with malice or with reckless indifference to the federally protected rights of Lester.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Union Pacific, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B. Order Defendant Union Pacific to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Union Pacific to make Lester whole, by providing appropriate back wages, including lost benefits, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement with full benefits and seniority, or front pay in lieu of reinstatement.

     D.     Order Defendant Union Pacific to make Lester whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-14 above, in amounts to be determined at trial.

     E.     Order Defendant Union Pacific to make Lester whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-14 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

     F.     Order Defendant Union Pacific to pay Lester punitive damages for its malicious and reckless conduct, as described in paragraphs 12-14 above, in amounts to be determined at trial.

     G.     Grant such further relief as the Court deems necessary and proper in the public interest.

     H.     Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 9, 2019

                                       Sharon Fast Gustafson
                                       General Counsel

                                       Gwendolyn Young Reams
                                       Associate General Counsel

                                       U.S. Equal Employment Opportunity Commission
                                       131 M. St., N.E.
                                       Washington, DC 20507

                                       *s/ Gregory Gochanour*
                                       Gregory Gochanour
                                       Regional Attorney

*s/ Diane I. Smason*
Diane I. Smason
Supervisory Trial Attorney

*s/Bradley Fiorito*
Bradley Fiorito
Trial Attorney

U.S. Equal Employment Opportunity Commission
Chicago District Office
230 S. Dearborn St., Ste. 2920
Chicago, IL 60604
312-872-9661
bradley.fiorito@eeoc.gov