**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) **Plaintiff,** ) ) Vs. ) ) UNION PACIFIC RAILROAD COMPANY, ) ) **Defendant.** ) | **Case No. 19-CV-6021** **Judge Sara Ellis** **Magistrate Judge Susan Cox** |

# CONSENT DECREE

## THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "EEOC") filed this action alleging that Defendant, Union Pacific Railroad Company, ("Defendant" or "Union Pacific"), violated Section 107(a) of Title I of the Americans with Disabilities Act (the "ADA"). EEOC alleged that Defendant violated the ADA by failing to return Charging Party Vivian Lester ("Lester") to active work duty after a medical leave of absence, with or without a reasonable accommodation. Had Defendant filed an answer it would have denied these allegations.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). Neither party admits the claims or defenses raised by the other party. This Decree is in compromise and settlement of disputed claims and fully and finally resolves any and all issues and claims arising out of the underlying Charge of Discrimination filed by Lester and the Complaint filed by the EEOC in this action.

## **FINDINGS**

3. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, records, and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction of the subject matter of this action and of the parties.

   b. The terms of this Decree are adequate, fair, and reasonable. The rights of the parties, the Charging Party, and the public interest are adequately protected by this Decree.

   c. This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person.

   d. Entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, the Charging Party, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## **INJUNCTION AGAINST DISABILITY DISCRIMINATION AND RETAILIATION**

4. Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from discriminating on the basis of disability under the ADA.

5. Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it shall not engage in any form of retaliation as defined by the ADA against any person because such person has opposed any discriminatory practice as defined by the ADA; filed a Charge of Discrimination under the ADA; testified or participated in any manner in any investigation, proceeding, or hearing under the ADA; made a request for an accommodation under the ADA; or asserted any rights under this Decree.

## MONETARY SETTLEMENT

6. Subject to the terms and conditions of this Decree, Union Pacific shall pay the gross sum of Two Hundred Sixty Thousand Dollars ($260,000.00) (Settlement Proceeds) to Vivian Lester. Of this, One Hundred and Thirty Thousand Dollars ($130,000.00) shall constitute back pay. Union Pacific shall pay the employer share of payroll taxes and shall withhold payment on the employee share of payroll taxes. The remaining One Hundred and Thirty Thousand Dollars ($130,000.00) shall constitute compensatory damages. Union Pacific shall issue IRS Forms 1099 and W-2 to Lester in connection with the Settlement Proceeds. No later than fourteen (14) days after entry of this Decree and receipt by Union Pacific of a copy of a release agreement executed by Lester in the form set forth in Exhibit A to this Decree, Union Pacific shall: (1) make payment by electronic funds transfer made payable to Vivian Lester in the gross amount of One Hundred and Thirty Thousand Dollars ($130,000.00), which shall constitute back pay, less the employee share of payroll taxes, for which Union Pacific shall issue Ms. Lester an IRS Form W-2; and (2) make payment by electronic funds transfer made payable to Vivian Lester in the gross amount of One Hundred and Thirty Thousand Dollars ($130,000.00) for which Union Pacific shall issue Ms. Lester an IRS Form 1099. The parties have stipulated that they will share information regarding Ms. Lester's banking account and routing number sufficient to enable the transfers. Union Pacific agrees to submit evidence of the electronic funds transfers to the EEOC immediately following the transactions.

## NOTICE OF CONSENT DECREE

7. Within seven (7) days after entry of this Decree, Union Pacific shall post a same-sized copy of the Notice attached as Exhibit B to this Decree in locations used by Union Pacific for communicating with employees. It shall remain posted for two (2) years from the date of entry of this Decree. Union Pacific shall take all reasonable steps to ensure that the posting is not

altered, defaced, or covered by any other material. Union Pacific shall certify to the EEOC in writing within seven (7) days after entry of the Decree that the Notice has been properly posted. Union Pacific shall permit representatives of the EEOC to enter the Union Pacific premises for purposes of verifying compliance with this paragraph at any time during normal business hours without prior notice.

## ADOPTION, POSTING, AND DISTRIBUTION OF POLICY AGAINST EMPLOYMENT DISCRIMINATION BASED ON DISABILITY

8. Within thirty (30) days after entry of the Decree, Union Pacific shall affirm in writing and maintain for the duration of this Decree, a written policy ("Policy") against employment discrimination based on disability, which provides for reasonable accommodation for qualified individuals with a disability under the ADA. Commencing no later than sixty (60) days after the entry of the Decree, Union Pacific shall make available a copy of said Policy to, at a minimum, each employee in the Chicago Service Unit of Union Pacific ("CSU").

   a. The Policy shall, at a minimum, prohibit all forms of discrimination prohibited by the ADA.

   b. The Policy shall also, at a minimum, inform employees and applicants that they are entitled to make complaints or reports of unlawful employment discrimination based on disability to Union Pacific and to the EEOC as required by the ADA.

   c. The Policy shall also, at a minimum, inform employees and applicants that they are entitled to request reasonable accommodations and Union Pacific will provide reasonable accommodations to all qualified individuals with a disability for whom an accommodation is necessary as required by the ADA.

   d. The Policy shall require that Union Pacific conduct an individualized assessment when evaluating whether an employee with a disability is qualified to perform the

essential functions of the job with or without reasonable accommodation as required by the ADA.

    e. The Policy shall require that Union Pacific will only use a qualification standard, employment test, or other selection criterion that screens out or tends to screen out an individual with a disability if it is job-related to the position in question and consistent with business necessity as required by the ADA.

    f. The Policy shall require Union Pacific to consider, when made available by the employee, the opinions of employees' and applicants' medical care providers when relevant to evaluating whether an individual with a disability is able to perform the essential functions of the job with or without reasonable accommodation as required by the ADA.

    g. Copies of the Policy will be provided, at a minimum, to new employees in CSU at the time that they are hired by Union Pacific.

    h. Union Pacific shall forward a copy of the Policy to the EEOC within twenty-eight (28) days of the entry of this Decree. Union Pacific shall take into consideration any suggestions made by the EEOC as to the Policy. However, inclusion of this Paragraph in the Decree does not represent the EEOC's or the Court's approval of the Policy.

9.     Union Pacific shall maintain such Policy for the term of this Decree.

## RECORDKEEPING

10.     For a period of two (2) years following entry of this Decree, Union Pacific shall maintain and make available for inspection and copying by the EEOC records of:

    a. each employee of Union Pacific in the CSU who makes a complaint (whether orally or in writing) to Union Pacific or to a government agency regarding any

alleged failure to return to work, with or without a reasonable accommodation. Such records will include, at a minimum: (1) the identity of the individual who complained (including name, the last four digits of her or his social security number[1], address(es), all known telephone number(s)); (2) a description of the individual's job, including the job location and title; (3) the date of the complaint; (4) a short summary of the allegation(s) made in the complaint; (5) the actions, if any, Union Pacific took to investigate the complaint; and (6) if any, the resolution of the complaint (including the name(s) and position(s) of the decisionmaker(s)).

    b.  records of each employee in CSU who was denied their request to return to work following a medical leave of absence. Such records will include, at a minimum: (1) the identity of the individual who made the request (including name, the last four digits of the individual's social security number[2], address(es), all known telephone number(s)); (2) a description of the individual's job, including the job location and title; (3) the date the employee began medical leave; (4) the reason(s) for the medical leave; (5) the date of the employee's request to return to work; (6) any accommodation requested by the employee and/or considered by Union Pacific related to the employee's request to return to work (including the name(s) and position(s) of all personnel involved in the consideration of the request); and (7) the resolution of the request to return to work.

11.    Nothing contained in the Decree shall be construed to limit any obligation Union Pacific may otherwise have to maintain records under the ADA or any other law or regulation.

---

[1] Upon request, Union Pacific will supply EEOC with full social security numbers for individuals who the EEOC has unsuccessfully attempted to contact.

[2] See Footnote 1.

**REPORTING**

12. Union Pacific shall furnish to the EEOC written reports ten (10) months and twenty-two (22) months from the date of entry of this Decree which shall contain the following:

    a. A summary of the information recorded by Union Pacific pursuant to Paragraph 10 during the preceding reporting period;

    b. A description of the activities taken pursuant to Paragraph 13 during the preceding reporting period; and

    c. A certification by Union Pacific that it has complied with the Notice requirements contained in Paragraph 7.

**TRAINING**

13. During the two-year period covered by this Decree, every employee in the CSU: (a) holding a managerial position at Union Pacific's "Level 15" or above, (b) holding the position of Occupational Health Nurse, Fitness for Duty Nurse, Vocational Case Manager, and/or (c) who is part of Union Pacific's "EAP Team" shall be trained regarding: (i) the employer's duty to provide reasonable accommodation to employees with a disability under the ADA, (ii) Defendant's policies and procedures for providing reasonable accommodations to qualified employees with a disability; and (iii) the types of accommodations that may be available to qualified employees with a disability. The initial training session shall take place within ninety (90) days of the date of entry of this Decree and the subsequent training session shall take place approximately twelve (12) months later. The parties recognize the possibility that the current COVID-19 virus and its impact may interfere with Union Pacific's ability to meet the deadlines herein. Union Pacific will make its best efforts to meet the deadlines. However, if Union Pacific is unable to do so, the parties agree to meet and confer to attempt to amend the deadlines (including the term of the decree) as necessary. The training may be delivered in an

online webinar format, but it must be presented in a manner that gives the employees the ability to ask questions.

14. Defendant shall obtain EEOC's approval of its proposed outside/independent trainer(s) and the proposed training content prior to each training session. Defendant shall submit the name(s), address(es), telephone number(s), resume(s), training proposal(s), and any materials to be distributed or displayed to the participants to EEOC at least twenty-one (21) days prior to the proposed date(s) of each training. EEOC shall have seven (7) days from the date of receipt of the information described above to accept or reject the proposed trainer(s), training proposal(s), and/or training material. In the event EEOC does not approve Defendant's designated trainer(s), proposal(s), and/or training material, Defendant shall have seven (7) days to identify an alternate trainer(s) or make changes to the proposal(s) and/or training material. EEOC shall have seven (7) days from the date of receipt of the information described above to accept or reject the proposed changes. If the parties cannot, through this process, agree on a trainer(s) and/or the training content, they may seek the Court's assistance under Paragraph 16.

15. Union Pacific shall certify to the EEOC in writing within thirty (30) days after each training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, locations, and durations of the trainings; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; (iii) a list of all current employees in the CSU that shall include each individual's name and position; and (iv) copies of all materials distributed or displayed to participants if different from those materials previously provided to EEOC by Defendant pursuant to Paragraph 16.

**DISPUTE RESOLUTION**

16. If EEOC has reason to believe that Defendant is not complying with this Decree, EEOC shall so notify Defendant in writing. Defendant will then have seven (7) days in which to satisfy EEOC that there has been compliance. If Defendant fails to satisfy EEOC, EEOC shall have the right to apply to the Court for appropriate relief. If Defendant fails to pay the monetary amount specified above within the time provided in Paragraph 6, however, the EEOC may apply directly to the Court for appropriate relief.

17. In resolving any dispute with regard to Defendant's compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for noncompliance.

**DURATION OF THE DECREE AND RETENTION OF JURISDICTION**

18. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 16, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter for the sole purpose of enforcement of the Decree) until such time as all such disputes under Paragraph 18, above, have been resolved.

**MISCELLANEOUS PROVISIONS**

19. Union Pacific agrees that it will not condition the receipt of monetary relief on agreement of Charging Party to: (a) maintain as confidential the facts and/or allegations underlying her charge and/or the terms of this Decree; (b) waive her statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Union

Pacific or with any staffing agency used by Union Pacific; and/or (d) agree to a non-disparagement and/or confidentiality agreement.

20. Each party to this Decree shall bear its own expenses, costs, and attorneys' fees.

21. The terms of this Decree shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of the Defendant. Defendant will provide a copy of this Decree to any organization which proposes to acquire or merge with Defendant, prior to the effectiveness of any such acquisition or merger. In the event that Defendant is acquired by, or merges with, another organization, Defendant shall notify EEOC of this fact, in writing, within seven (7) days of such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any findings by the Court or contempt for a violation of this Decree.

22. When this Decree requires notifications, reports, or communications to the EEOC, they shall be made in writing and hand-delivered, mailed, or faxed to the following: EEOC, Legal Unit – Union Pacific Settlement, 230 South Dearborn Street, Suite 2920, Chicago, IL 60604, 312-588-1494 (facsimile). The parties can agree to email such communications as well, in which case EEOC will provide an appropriate email address.

23. If any provision(s) of the Decree is found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

**SO ORDERED, ADJUDGED, and DECREED** on this 2nd day of June 2020. By the Court:

_____
The Hon. Sara Ellis
United States District Judge

Agreed to in form and content:

| | |
|---|---|
| **FOR PLAINTIFF**<br>**EQUAL EMPLOYMENT**<br>**OPPORTUNITY COMMISSION** | **FOR DEFENDANT**<br>**UNION PACIFIC RAILROAD COMPANY** |

Sharon Fast Gustafson
General Counsel

Gwendolyn Young Reams
Associate General Counsel

s/ Gregory Gochanour
───────────────────────
Gregory Gochanour
Regional Attorney

s/ Ethan Cohen
───────────────────────
Ethan Cohen
Supervisory Trial Attorney

s/ Bradley Fiorito
───────────────────────
Bradley Fiorito
Trial Attorney

Equal Employment Opportunity Commission
230 S. Dearborn Street, Suite 2920
Chicago, IL 60604

s/Scott P. Moore
───────────────────────
Scott Parrish Moore
BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
Phone: 402-344-0500

s/Joseph E. Tilson
───────────────────────
Joseph E. Tilson
Julie L. Trester
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7900 PHONE
(312) 474-7898 FAX
jtilson@cozen.com
jtrester@cozen.com

*A*

# EXHIBIT A

## **RELEASE AGREEMENT**

I, Vivian Lester, in consideration of my receipt of the settlement sum of $260,000.00 (less the employee share of payroll taxes applicable to $130,000 of the total settlement) payable to me pursuant to the terms of the Consent Decree entered by the Court in *EEOC v. Union Pacific Railroad Company*, Case No. 19-cv-6021 (N.D. Ill.), waive my right to recover for any claims of disability discrimination arising under the Americans with Disabilities Act that I had against Union Pacific Railroad Company prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. Union Pacific Railroad Company*, Case No. 19-cv-6021 (N.D. Ill.).

_____

Date

_____

Vivian Lester

# EXHIBIT B

## NOTICE TO ALL UNION PACIFIC EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Union Pacific Railroad Company*, Case No. 19-cv-6021 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Union Pacific Railroad Company ("Union Pacific").

In its suit, the EEOC alleged that Union Pacific violated the Americans with Disabilities Act ("ADA") by refusing to allow an employee to return to work following a medical leave of absence, with or without a reasonable accommodation. Neither party admits the claims and defenses raised by the other party.

To resolve the case, Union Pacific and the EEOC entered in to a Consent Decree which provides, among other things, that:

1) Union Pacific will make a monetary payment to a former employee;
2) Union Pacific will not discriminate based on disability;
3) Union Pacific will make periodic reports to the EEOC regarding its compliance with the Decree; and
4) Union Pacific will provide training to its employees on the ADA.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, national origin, color, religion, sex, age, or disability. The EEOC charges no fees and has employees who speak languages other than English. If you believe you have been discriminated against, you may contact the EEOC at 800-669-4000 or visit EEOC online at https://publicportal.eeoc.gov/Portal/Login.aspx.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for two (2) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: EEOC, Union Pacific Settlement, 230 South Dearborn Street, Suite 2920, Chicago, IL 60604.**

**Date: June 2, 2020**

 **The Honorable Sara Ellis, U.S. District Judge**

DOCS/2464746.1